**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TRACEY DOWLING, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO.  02-CV-3181 |
| | : | |
| vs. | : | CIVIL ACTION |
| | : | |
| THE HOME DEPOT, | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
**PURSUANT TO FED. R. CIV. P. 56(b)**

Defendant Home Depot U.S.A., Inc. (improperly identified in the Complaint as "The Home Depot") (referred to herein as "Home Depot" or "Company"), by and through its attorneys, Carpenter, Bennett & Morrissey, hereby moves the Court for an Order pursuant to Fed. R. Civ. P. 56(b) for summary judgment, dismissing plaintiff's Complaint with prejudice.  The grounds upon which this motion is based are follows:

1.        In her Complaint, plaintiff Tracey Dowling (referred to herein as "plaintiff"), a former employee of Home Depot, alleges that: (i) on or about July 2, 1999, she was subjected to a hostile work environment in Home Depot's Allentown, Pennsylvania Store by a co-worker, Kenneth Kihenjo, and (ii) thereafter retaliated against by Home Depot for complaining about the alleged harassment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e), et seq. ("Title VII") (Count One & Two).  Plaintiff further alleges that in or about March

2001, as a result of the alleged harassment and retaliation, she was constructively discharged in violation of Title VII. (Count Three).

   2.  Plaintiff's hostile work environment claim fails because no basis exists in law or fact to hold Home Depot liable for the single incident involving the alleged acts of Mr. Kihenjo. The undisputed record on discovery shows that Home Depot maintains a well-publicized sexual harassment policy and plaintiff was aware of Home Depot's complaint procedure for notifying the Company of alleged harassment. The record evidence also demonstrates that after plaintiff reported the single incident of alleged harassment to her supervisor on July 7, 1999, Home Depot immediately investigated the allegations and addressed the situation. Plaintiff admits that she suffered no other harassment by Mr. Kihenjo. Accordingly, Home Depot cannot be held liable for the one alleged act of harassment by Mr. Kihenjo.

   3.  The record evidence and all reasonable inferences drawn therefrom also do not support plaintiff's claim of constructive discharge. Having moved to Maryland from Pennsylvania in October 2000 to be near her boyfriend, plaintiff no longer wished to commute to Pennsylvania for her job. After she accepted employment with Lowe's Companies on March 13, 2001, plaintiff voluntarily resigned her employment with Home Depot on March 21, 2001. Plaintiff's only reason for resigning was that she did not want to commute to Pennsylvania. Accordingly, as a matter of law, judgment should be entered in favor of Home Depot on plaintiff's constructive discharge claim.

   4.  Finally, there is no basis in law or fact in support of plaintiff's retaliation claim. Plaintiff cannot meet her prima facie case because she has not identified any conduct by Home Depot constituting an adverse employment action. Nor can plaintiff show that any purported adverse actions were casually related to her complaint of harassment. Moreover, there is no record

evidence to support a finding that the complained of "adverse actions" were a pretext for retaliation.

WHEREFORE, for the reasons stated above and the reasons contained in the

accompanying Memorandum of Law, defendant Home Depot U.S.A., Inc. requests that this Court

grant its motion to dismiss plaintiff's Complaint with prejudice.


CARPENTER, BENNETT & MORRISSEY
Attorneys for Defendant
Home Depot U.S.A., Inc.


By: _____

Patrick G. Brady, Pro Hac Vice
Three Gateway Center
100 Mulberry Street
Newark, New Jersey 07102-4079
Phone: (973) 622-7711
Fax: (973) 622-5314

Dated: November 7, 2002


OF COUNSEL
Stephen N. Huntington, Esq.
Attorney I.D. No. 02540
HUNTINGTON HODGE & FRANKLIN, PC
Associate Counsel for Defendant Home Depot U.S.A., Inc.
1500 John F. Kennedy Blvd.
Suite 1032
Philadelphia, PA 19102
Phone: (215) 523-7900
Fax: (215) 523-7911