IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

**PATRICK G. BRADY, ESQ. (PB-6513)**
CARPENTER, BENNETT & MORRISSEY
Three Gateway Center
100 Mulberry Street
Newark, New Jersey 07102-4079
(973) 622-7711
Attorneys for Defendant
Home Depot U.S.A., Inc.

| | | |
|---|---|---|
| TRACEY DOWLING, | : | CIVIL ACTION NO.: 02-CV-3181 |
| Plaintiff, | : | Civil Action |
| vs. | : | |
| THE HOME DEPOT, | : | **CERTIFICATION OF DEAN DRAKIS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| Defendant. | : | |

**DEAN DRAKIS**, of full age, certifies as follows:

1. I am employed by defendant Home Depot U.S.A., Inc. (hereinafter "Home Depot") as a District Safety Manager. I submit this Certification in support of Home Depot's Motion for Summary Judgment to dismiss plaintiff Tracey Dowling's Complaint. The source of the information provided herein is personal knowledge acquired during my employment with Home Depot.

1

2. On or about August 1999 and continuing through March 2001, I served as a regional loss prevention manager for Home Depot. As the regional loss prevention manager, I was responsible for supervising loss prevention supervisors.

3. During the 1999-2000 time period, I supervised approximately 7 loss prevention supervisors, including Tracey Dowling.

4. Loss prevention supervisors are generally assigned to two stores.

5. I am unaware of any policy at Home Depot that a loss prevention supervisor cannot be assigned to stores which are more than 50 miles apart. There were loss prevention supervisors, other than plaintiff, who were assigned to stores located more than 50 miles apart.

6. The main responsibility of a loss prevention supervisor is to develop and effectively implement shrink plans for the stores for which he or she is responsible.

7. As plaintiff's immediate supervisor, I had responsibility for evaluating her performance, counseling her and issuing disciplinary warnings as needed.

8. While serving as plaintiff's supervisor, I received complaints from other Home Depot employees regarding plaintiff's performance and behavior.

9. On October 28, 1999, Kathy Dugan, an Assistant Store Manager at the Reading Store (also known as the Wyomissing Store), contacted me to discuss complaints she received and concerns she had with plaintiff's behavior. Attached hereto as Exhibit A is a true and accurate copy of the Employee Statement prepared by Kathy Dugan concerning plaintiff's inappropriate behavior.

10. Patricia Deeds, a department head at Store #4138 (Harrisburg Store), advised that in October 1999 plaintiff introduced herself to Ms. Deeds at the Reading Store as

"Tracey, the bitch." Attached hereto as Exhibit B is a true and accurate copy of the Employee Statement prepared by Patricia Deeds.

11. On November 19, 1999, I spoke to plaintiff and informed her that I received a written statement from an employee who advised that plaintiff introduced herself as "Tracey, the bitch." I counseled plaintiff about her behavior. Attached hereto as Exhibit C is a true and accurate copy of the Employee Statement I prepared concerning my conversation with plaintiff on November 19, 1999.

12. In November 1999, Stephen S. Kuziw, Loss Prevention Supervisor at the Lower Paxton Store, advised of an incident involving Maurice Pepper, a department head, and plaintiff. Mr. Pepper reported that plaintiff spoke to him in a degrading manner. Attached hereto as Exhibit D is a true and accurate copy of the Employee Statement prepared by Stephen S. Kuziw setting forth the incident involving Mr. Pepper and plaintiff.

13. On November 29, 1999, Mike Rizk, Store Manager of the Reading Store, reported that plaintiff made an offensive remark to him. On November 30, 1999, I spoke to plaintiff regarding Mr. Rizk's allegation and she admitted to making the remark. Attached hereto as Exhibit E is a true and accurate copy of the Employee Statement that I prepared documenting my meeting with Mike Rizk on November 29, 1999 and my meeting with plaintiff on November 30, 1999.

14. On December 7, 1999, Gary White, Administrative Assistant Manager of the Phillipsburg Store, advised that plaintiff touched him and John Joseph, an associate at the Phillipsburg store, and that plaintiff's actions made them feel uncomfortable. Attached hereto as Exhibit F is a true and accurate copy of the Employee Statement that I prepared concerning my conversation with Mr. White on December 7, 1999.

3

15. On March 8, 2000, I issued plaintiff an Associate Performance Notice for poor performance for failure to properly implement a shrink plan. I gave plaintiff a gameplan to complete the shrink plan by March 16, 2000. On March 22, 2000, I spoke to plaintiff in order to determine why she had not provided me with a copy of the shrink plan. Attached hereto as Exhibit G is a true and accurate copy of the of the Employee Statement that I prepared concerning my conversation with plaintiff on March 8, 2000 and March 22, 2000.

16. In April 2000, Mike Rizk reported to me his concerns with plaintiff's performance and behavior. Mr. Rizk reported that plaintiff introduced herself to employees as "the Bitch." Mr. Rizk further reported that plaintiff told an employee that he was not selected for a promotion because management did not like him. Attached hereto as Exhibit H is a true and accurate copy of the statement prepared by Mike Rizk. On April 12, 2000, I met with plaintiff and Mike Rizk to discuss their working relationship, including Mr. Rizk's report to me about plaintiff's performance and behavior. Attached hereto as Exhibit I is a true and accurate copy of the Employee Statement that I prepared concerning my April 12, 2000 meeting with plaintiff and Mr. Rizk.

17. Attached hereto as Exhibit J is a true and accurate copy of excerpts from Home Depot's Orientation Handbook for 1999 entitled, "Associate Orientation Guide." The following pages from this Orientation Handbook are attached: cover page and pages 78-79,

18. Attached hereto as Exhibit K is a true and accurate copy of excerpts from Home Depot's Orientation Handbook for 1992 entitled, "Orientation Guide/Handbook." The following pages from this Orientation Handbook are attached: cover page and page 12.

5

      I hereby certify under penalty of perjury that the foregoing is true and correct.

                                                                                           _____

                                                                                           DEAN DRAKIS

DATED:  November 6, 2002