IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**PATRICK G. BRADY, ESQ. (PB-6513)**
CARPENTER, BENNETT & MORRISSEY
Three Gateway Center
100 Mulberry Street
Newark, New Jersey 07102-4079
(973) 622-7711
Attorneys for Defendant
Home Depot U.S.A., Inc.

| | | |
|---|---|---|
| TRACEY DOWLING, | : | CIVIL ACTION NO. 02-CV-3181 |
| Plaintiff, | : | |
| vs. | : | **CERTIFICATION OF PATRICK G. BRADY, ESQ. IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| THE HOME DEPOT, | : | |
| Defendant. | : | |

I, PATRICK G. BRADY, of full age, hereby certify as follows:

1. I am an attorney-at-law of the State of New Jersey and a member of the law firm of Carpenter, Bennett & Morrissey, attorneys for defendant Home Depot U.S.A., Inc. ("Home Depot") in this matter. I submit this Certification in support of Home Depot's Motion for Summary Judgment to dismiss plaintiff Tracey Dowling's Complaint.

2. Attached hereto as Exhibit 1 is a true and correct copy of the Consent Order of the Honorable William G. Bassler, U.S.D.J., dated May 2, 2002, and agreed to by the parties.

3. Attached hereto as Exhibit 2 is a true and correct copy of pertinent excerpts from the deposition of plaintiff Tracey Dowling taken on July 12, 2002, September 4, 2002, and October 3, 2002.

4. Attached hereto as Exhibit 3 is a true and correct copy of pertinent excerpts from the deposition of Kenneth Kihenjo taken on September 20, 2002.

5. Attached hereto as Exhibit 4 is a true and correct copy of pertinent excerpts from the deposition of Amy Booe taken on September 25, 2002.

6. Attached hereto as Exhibit 5 is a true and correct copy of pertinent excerpts from the deposition of Dean Drakis taken on October 8, 2002.

7. Attached hereto as Exhibit 6 is a true and correct copy of pertinent excerpts from the deposition of Alan Power taken on October 18, 2002.

8. Attached hereto as Exhibit 7 is a true and correct copy of plaintiff's Acknowledgment Form, marked as Exhibit D-22 during plaintiff's deposition.

9. Attached hereto as Exhibit 8 is a true and correct copy of plaintiff's Orientation Checklist, marked as Exhibit D-23 during plaintiff's deposition.

10. Attached hereto as Exhibit 9 is a true and correct copy of an Associate Action Notice, from Kenneth Kihenjo's personnel file, which was produced to plaintiff and identified by defendant in discovery as Bates No. HD 01631.

11. Attached hereto as Exhibit 10 is a true and correct copy of plaintiff's employment application to Lowe's Companies, Inc., dated September 30, 2000, which was produced during discovery.

12. Attached hereto as Exhibit 11 is a true and correct copy of plaintiff's Career Interest Worksheet, marked as Exhibit D-16 during plaintiff's deposition.

13. Attached hereto as Exhibit 12 is a true and correct copy of the job description for Inventory Specialist, marked as Exhibit D-17 during plaintiff's deposition.

14. Attached hereto as Exhibit 13 is a true and correct copy of plaintiff's Associate Performance Notice, dated March 8, 2001, marked as Exhibit D-18 during plaintiff's deposition.

15. Attached hereto as Exhibit 14 is a true and correct copy of plaintiff's letter to David Hurley, dated March 19, 2001, marked as Exhibit D-19 during plaintiff's deposition.

16. Attached hereto as Exhibit 15 is a true and correct copy of a 3-page letter from Lowe's to plaintiff, dated March 5, 2001, marked as Exhibit D-21 during plaintiff's deposition.

17. Attached hereto as Exhibit 16 is a true and correct copy of David Hurley's letter to plaintiff documenting their March 21, 2001 telephone conversation, and an Associate Action Notice reflecting plaintiff's resignation, which were marked as Exhibit D-20 during plaintiff's deposition.

18. Attached hereto as Exhibit 17 is a true and correct copy of plaintiff's Associate Performance Notice, dated August 30, 1999, marked as Exhibit D-10 during plaintiff's deposition.

19. Attached hereto as Exhibit 18 is a true and correct copy of plaintiff's Loss Prevention Supervisor Performance Review by Dean Drakis, dated October 19, 1999, marked as Exhibit D-30 during plaintiff's deposition.

20. Attached hereto as Exhibit 19 is a true and correct copy of plaintiff's Mid-Year Loss Performance Review by Gregg Smith, dated October 6, 1998, marked as Exhibit D-27 during plaintiff's deposition.

21. Attached hereto as Exhibit 20 is a true and correct copy of plaintiff's Loss Prevention Supervisor Performance Review by Gregg Smith, dated March 1999, marked as Exhibit D-29B during plaintiff's deposition.

22. Attached hereto as Exhibit 21 is a true and correct copy of plaintiff's Performance Management Review, dated February 4, 2000, marked as Exhibit D-31 during plaintiff's deposition.

23. Attached hereto as Exhibit 22 is a true and correct copy of plaintiff's Associate Performance Notice, dated March 8, 2000, marked as Exhibit D-32 during plaintiff's deposition.

24. Attached hereto as Exhibit 23 is a true and correct copy of plaintiff's Loss Prevention Supervisor Performance Review by Dean Drakis, dated March 29, 2000, marked as Exhibit D-33 during plaintiff's deposition.

25. Attached hereto as Exhibit 24 is a true and correct copy of plaintiff's Game Plan/Expectations, marked as Exhibit D-34 during plaintiff's deposition.

26. Attached hereto as Exhibit 25 is a true and correct copy of plaintiff's Associate Performance Notice, dated July 18, 2000, marked as Exhibit D-35 during plaintiff's deposition.

I certify under penalty of perjury that the foregoing is true and correct. Executed on this 7th day of November, 2002.

_____
PATRICK G. BRADY