IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRACEY DOWLING, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| THE HOME DEPOT, | : | No. 02-3181 |
| Defendant. | : | |

### MEMORANDUM AND ORDER

**SCHILLER, J.**                                                            December     , 2002

Plaintiff Tracey Dowling commenced this action against her former employer, Defendant Home Depot, U.S.A., Inc. ("Home Depot"), alleging the existence of a sexually hostile work environment, retaliation, and constructive discharge in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e (2002). After the close of discovery, Home Depot moved for summary judgment. For the reasons set forth below, I deny Home Depot's motion.

### I. BACKGROUND

Tracey Dowling began her employment at Home Depot in February 1992. (Dowling Dep. at 624.) In April 1998, Plaintiff was promoted to the position of Loss Prevention Supervisor and assigned to several of Home Depot's stores in Pennsylvania, including a store located in Allentown. (*Id.* at 106, 155-15.) Ms. Dowling alleges that she was the subject of sexual harassment and a sexual assault. Her central allegation is that she was inappropriately touched by Ken Kihenjo, an assistant manager of Home Depot's Allentown store, on July 2, 1999. (Dowling Dep. at 156-58, 168-72.)

Plaintiff reported the incident to her supervisor, Gregg Smith. (*Id.* at 180.) In response to Plaintiff's report, Amy Booe, a Home Depot Human Resources Manager, interviewed Ms. Dowling

by telephone on July 7, 1999 and asked her to provide a written statement about the alleged incident. (*Id.* at 190, 220-21.) The following day, Ms. Dowling faxed Ms. Booe the written statement as requested. (*Id.* at 220-21.) In addition, at Mr. Smith's suggestion, Plaintiff took the remainder of the week off from work. (*Id.* at 200.) On July 8, 2002, Ms. Booe interviewed Mr. Kihenjo, and he denied Plaintiff's allegations. (Booe Dep. at 59-60.) Ms. Booe and another Home Depot employee, District Manager Roger Pegram, met with Mr. Kihenjo on July 16, 1999 to discuss Home Depot's anti-harassment policy. (*Id.* at 81-82.) On the same date, Ms. Booe and Mr. Pegram informed Plaintiff that her allegations against Mr. Kihenjo could not be substantiated. (Dowling Dep. at 262-63.) During this meeting, Ms. Dowling requested a transfer from Home Depot's Allentown store, where Mr. Kihenjo worked, and Home Depot granted Plaintiff's request. (*Id.* at 269; Drakis Dep. at 46.)

Plaintiff also reported the alleged incident to the police, and Mr. Kihenjo was arrested in August 1999 for indecent assault and summary harassment. (Dowling Dep. at 313; Pl.'s Response to Def's. Summ. J. Mot. Ex. H.) Because of this arrest, Home Depot placed Mr. Kihenjo on an involuntary leave of absence. (Kihenjo Dep. at 84.) Subsequently, Mr. Kihenjo was placed into the Accelerated Rehabilitative Disposition ("ARD") program. (*Id.* at 134-35; Dowling Dep. at 365-67.)[1]

After Ms. Dowling had reported the alleged assault, Home Depot notified Ms. Dowling that co-workers had complained about her conduct on the job. (Dowling Dep. at 313-14, 321-22, 416; Booe Dep. at 93-99.) Plaintiff also received several negative performance reviews. (Def.'s Summ. J. Mot. Ex. 21.) Ms. Dowling continued to work at Home Depot, but allegedly because of job-related stress, she took a leave of absence beginning in October 2000. (Dowling Dep. at 526.)

---

[1] Plaintiff asserts that Mr. Kihenjo returned to Home Depot and was promoted in January 2000. (Dowling Decl. ¶ 16.)

When Plaintiff returned to work at Home Depot in January 2001, her position as Loss Prevention Supervisor had been eliminated. (*Id*. at 560.) Plaintiff took another position within the company that required a considerable amount of travel. (Def.'s Summ. J. Mot. Ex. 12.) In March 2001, after receiving a written reprimand and allegedly dissatisfied with the amount of travel her position required, Ms. Dowling resigned from Home Depot. (Def.'s Summ. J. Mot. Exs. 13,16.)

## II.  STANDARD OF REVIEW

A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Materiality of the facts at issue is determined by the substantive law. *Id.* In making this determination, the non-moving party is entitled to all reasonable inferences and the evidence is viewed in the light most favorable to that party. *See Pollock v. Am. Tel. & Tel. Long Lines,* 794 F.2d 860, 864 (3d Cir. 1986).

The party moving for summary judgment has the initial burden of showing the basis for its motion by identifying those portions of the record that it believes show the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Where the non-moving party has the burden of proof on a particular issue at trial, the moving party must meet its burden by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case." *Id.* at 325. Once the moving party meets this burden, the non-moving

party bears the burden of demonstrating that there are disputes of material fact that should proceed to trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986).

### III. DISCUSSION

#### A. Hostile Work Environment

In order to prove the existence of a hostile work environment, Ms. Dowling must show that: (1) she suffered intentional discrimination because of sex; (2) the discrimination was pervasive and regular; (3) the discrimination detrimentally affected plaintiff; (4) the discrimination would detrimentally affect a reasonable person of the same sex in that position; and (5) the defendant is liable under a theory of respondeat superior liability. *See Faragher v. City of Boca Raton*, 524 U.S. 775, 786 (1998); *Kunin v. Sears Roebuck & Co.*, 175 F.3d 289, 293 (3d Cir. 1999).

Here, Home Depot argues that Plaintiff cannot establish the fifth factor, the existence of respondeat superior liability. In this regard, Home Depot correctly points out that Mr. Kihenjo was not Ms. Dowling's supervisor. (Dowling Dep. at 521-22.) Although this fact renders Plaintiff's case more difficult to prove, it does not resolve the matter. That is, in a case where the alleged harasser is the Plaintiff's co-worker, an employer's "liability exists where the defendant knew or should have known of the harassment and failed to take prompt remedial action." *Andrews v. Philadelphia*, 895 F.2d 1469, 1486 (3d Cir. 1990) (citations omitted); *cf. Burlington Indus. v. Ellerth*, 524 U.S. 742, 759 (1999). Prompt remedial action has been defined as conduct "reasonably calculated to prevent further harassment." *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 26 (3d Cir. 1997) (quoting *Knabe v. Boury Corp.*, 114 F.3d 407, 412 (3d Cir. 1997).[2] Additionally, the Third

---

[2] Home Depot does have an anti-harassment policy. However, courts should not "focus mechanically on the formal existence of a sexual harassment policy, allowing an absolute

Circuit has emphasized that "[a]n employer, in order to avoid liability for the discriminatory conduct of an employee . . . [must take] corrective action reasonably likely to prevent the offending conduct from reoccurring." *Knabe v. Boury Corp.*, 114 F.3d 407, 414 (3d Cir. 1997) (citations omitted); *see also Harris v. L&L Wings, Inc.*, 132 F.3d 978, 984 (4th Cir. 1997) ("good faith investigation of alleged harassment may satisfy the 'prompt and adequate' response standard").

On the one hand, it is undisputed that Home Depot investigated Plaintiff's allegations and allowed for a modification of Ms. Dowling's responsibilities so that she would not have to work at the Allentown store. On the other hand, there are indications that Home Depot's response to Ms. Dowling's allegations were inadequate. More specifically, the record shows that the company concluded after interviewing only Ms. Dowling by telephone that Plaintiff's allegations could not be substantiated. (Booe Dep. at 42-44.) Having reached this conclusion, Mr. Kihenjo was advised of Home Depot's anti-harassment policy but not disciplined. (*Id.* at 81-82.) Additionally, there is uncontradicted evidence that during this same meeting Ms. Booe informed Mr. Kihenjo that it was expected that he would continue to work with Ms. Dowling. (Booe Dep. at 82.) Additionally, the evidence suggests that Home Depot failed to take steps to prevent Mr. Kihenjo from being in contact with Ms. Dowling, requiring Ms. Dowling to seek re-assignment from the Allentown store. For these reasons, I deny Defendant's motion for summary judgment with respect to Plaintiff's hostile work environment claim.

---

defense to a hostile work environment claim whenever the employer can point to an anti-harassment policy of some sort." *Hurley v. Atlantic City Police Dep't*, 174 F.3d 95, 118 (3d Cir. 1999). Instead, an employer must show that it exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise. *See id.* (*citing Ellerth*, 524 U.S. 742 at 763-64 (1998).

5

B.     **Constructive Discharge**

In order to establish a constructive discharge claim, a plaintiff must produce evidence sufficient to show that discriminatory conditions of employment were so intolerable that a reasonable person subject to them would have felt compelled to resign.  *See Konstantopoulos v. Westvaco, Corp.*, 112 F.3d 710, 718 (3d Cir. 1997) (*citing Goss v. Exxon Office Sys. Co.*, 747 F.2d 885, 888 (3d Cir. 1984).  Courts employ an "objective test in determining whether an employee was constructively discharged from employment: whether 'the conduct complained of would have the foreseeable result that working conditions would be so unpleasant or difficult that a reasonable person in the employee's shoes would resign.'"  *Gray v. York Newspapers, Inc.*, 957 F.2d 1070, 1079 (3d Cir. 1992) (*quoting Goss*, 747 F.2d at 887-88 (3d Cir. 1984)).  "[N]o finding of a specific intent on the part of the employer to bring about a discharge is required. . . ."  *Goss*, 747 F.2d at 888. Furthermore, the Third Circuit has identified certain factors that are indicative of a constructive discharge.  *See Clowes v. Allegheny Valley Hosp.,* 991 F.2d 1159, 1161 (3d Cir. 1993).  Such factors include threats of discharge, alteration of job functions, and the issuance of unsatisfactory job performance reviews.  *See id.*

A number of facts support Ms. Dowling's constructive discharge claim.  First, it is undisputed that after Plaintiff complained of harassment, Plaintiff's duties were altered to include assignments at stores approximately fifty miles apart, rendering her duties objectively more difficult. (Dowling Dep. at 116.)  Second, after making her complaints, Ms. Dowling received negative performance evaluations and disciplinary write-ups. (*Id*. at 606-07; Def.'s Summ. J. Mot. Exs. 17, 18, 21- 23.)  In July 2000, Plaintiff received a notice stating that she would be terminated unless her performance improved. (Def.'s Summ. J. Mot. Ex. 25.)  Third, Plaintiff was accused of harassing other employees. (Dowling Dep. at 287-90; Booe Dep. at 93-99.)  Fourth, after Plaintiff took a leave

of absence allegedly needed because of stress caused by her job, her position as a Loss Prevention Supervisor was eliminated. (Dowling Dep. at 77-79.) In applying for a new position, Plaintiff listed the Maryland area as the region in which she preferred to work; instead, Home Depot incorrectly classified Plaintiff's preference as the Midwest region. (Dowling Decl. ¶ 24.)[3] Although this classification was later corrected, Ms. Dowling ultimately accepted a position as an Inventory Specialist for the Philadelphia market. (Dowling Dep. at 560). This position required Ms. Dowling to travel extensively. (Def.'s Summ. J. Mot. Ex. 12.) After receiving a written reprimand on March 8, 2001, and allegedly finding the amount of travel to be unacceptable, Ms. Dowling voluntarily resigned from Home Depot on March 21, 2001. (Def.'s Summ. J. Mot. Exs. 13, 16.) Accordingly, because Plaintiff has produced sufficient evidence related to threats of discharge, alteration of job functions, and the issuance of unsatisfactory job performance reviews – factors identified in *Clowes* – I deny Defendant's summary judgment motion with respect to Plaintiff's constructive discharge claim.

    C.    **Retaliation**

Plaintiff contends that Home Depot retaliated against her after she complained of sexual assault and reported the incident with Mr. Kihenjo to the police. The anti-retaliation provision of Title VII provides:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he

---

[3] Home Depot correctly contends that a non-movant may not replace conclusory allegations in a complaint with conclusory statements in a declaration in order to survive summary judgment. Although Plaintiff has committed this error in some portions of her declaration, there is sufficient evidence in the record for the Court to decide the merits of Defendant's motion without relying on the conclusory statements in Plaintiff's declaration.

> had made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

42 U.S.C. § 2000e-3a. In order to establish a prima facie case of retaliation under Title VII, Ms. Dowling must demonstrate that: (1) she engaged in a protected activity which was known to Home Depot; (2) Home Depot took an adverse employment action against her; and (3) a causal connection exists between her protected activity and the adverse employment action. *See Robinson v. City of Pittsburgh,* 120 F.3d 1286, 1299 (3d Cir. 1997).

Home Depot argues that Plaintiff cannot show a causal connection between the protected activity and its conduct. In assessing whether or not a plaintiff has met the causal connection requirement for a prima facie case of retaliation under Title VII, the Third Circuit "has focused on two main factors . . . : timing and evidence of ongoing antagonism." *Watson v. Wyeth-Ayerst Labs.*, Civ. A. No. 99-3075, 2001 U.S. Dist. LEXIS 24142, at * 19 (E.D. Pa. 2001) (*quoting Abramson v. William Patterson College of N.J.*, 260 F.3d 265, 288 (3d Cir. 2001) (*citing Woodson v. Scott Paper Co.*, 109 F.3d 913, 920-21 (3d Cir. 1997))). Two weeks after Ms. Dowling reported the alleged assault to Home Depot, the company began informing Plaintiff that other employees had accused her of behaving unprofessionally. (Booe Dep. at 93-99.) In August 1999, Ms. Dowling received a notice of violation of a company policy, and in October, she received a negative performance review. (Dowling Dep. at 321; Def.'s Summ. J. Ex. 21.) These negative performance evaluations continued, amounting to evidence from which a jury could infer a pattern of ongoing antagonism. Given the timing and nature of this conduct, Plaintiff has established a prima facie case for purposes of summary judgment. *See Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 279-80 (3d Cir. 2000)

(weighing temporal proximity along with other evidence suggesting a causal connection between protected activity and allegedly retaliatory action).[4]

Once an employee succeeds in establishing a prima facie case of retaliation, as Ms. Dowling has done for purposes of summary judgment, the burden of production shifts to the employer to articulate some legitimate non-retaliatory reason for the adverse action. *See Delli Santi v. CNA Ins. Cos.*, 88 F.3d 192, 199 (3d Cir. 1996). Home Depot asserts that any adverse actions taken against Plaintiff occurred because of her poor job performance. The quality of Ms. Dowling's performance on the job, however, is disputed. For example, Alan Power, a Home Depot manager, testified at his deposition that Ms. Dowling exceeded the primary objective goal set for loss prevention supervisors. (Power Dep. at 18-21.) Mr. Power also testified that safety conditions improved while Plaintiff worked at his store. (*Id*. at 31.) Other facts related to Plaintiff's negative performance evaluations are vigorously disputed by Ms. Dowling. (Dowling Decl. ¶ 44-51.) In light of these factual disputes, Plaintiff may be able to prove that Home Depot's reports of poor job performance were pretextual, and I deny Defendant's motion for summary judgment with respect to Plaintiff's retaliation claim.

**D.     Punitive Damages**

In a Title VII case, punitive damages are available "where the employer has engaged in intentional discrimination and has done so with malice or with reckless indifference to the federally protected rights of an aggrieved individual." *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 529-30,

---

[4] Home Depot also argues that it is entitled to summary judgment because no adverse employment action has occurred. I disagree. A constructive discharge is treated as if it were an outright dismissal by the employer, rendering the resignation an "adverse employment action" which can serve as the basis for a retaliation claim. *See Riding v. Kaufmann's Dep't Store*, 220 F. Supp. 2d 442, 462-63 (W.D. Pa. 2002).

(1999) (*quoting* 42 U.S.C. § 1981a(b)(1) (1994 ed. and Supp. III)). In this case, the existence of an anti-harassment policy and the fact that Home Depot undertook an investigation of Plaintiff's complaint suggest that the requisite malice or reckless indifference is not present. Nonetheless, because of the factual disputes discussed above, the resolution of which will turn largely on the credibility of witnesses at trial, at this stage of the proceedings I cannot conclude that Home Depot did not act with malice or reckless indifference. Therefore, I deny Home Depot's motion for summary judgment with respect to Plaintiff's claim for punitive damages.

## IV.   CONCLUSION

Accordingly, Defendant's motion for summary judgment is denied. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TRACEY DOWLING,** | : | |
|  Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| **THE HOME DEPOT,** | : | No. 02-3181 |
|  Defendant. | : | |

## ORDER

 **AND NOW**, this      day of **December, 2002**, upon consideration of Defendant's Motion for Summary Judgment, Plaintiff's response, and the reply thereto, and for the foregoing reasons, it is hereby **ORDERED** that:

 Defendant's Motion for Summary Judgment (Document No. 12) is **DENIED**.

BY THE COURT:

_____
**Berle M. Schiller, J.**

11